UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTWUAN M. HARDY,

    Plaintiff,

    v.                                     Case No. 25-cv-1134

DR. SHIRLEY GODIWALLA, et al.,

    Defendants.

---

## SCREENING ORDER

---

Plaintiff Antwuan M. Hardy, who is currently serving a state prison sentence at the Fox Lake Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Hardy's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Hardy requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner-plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Hardy has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $1.57. Accordingly, the Court will grant the motion for leave to proceed without prepayment of the filing fee.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any

complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Hardy is an inmate at the Fox Lake Correctional Institution. Dkt. No. 1. Defendants are Dr. Shirley Godiwalla, Institution Complaint Examiner (ICE) R. Rominsky, and Health Services Manager (HSM) Tricia Weisnicht. *Id*. at 1.

According to the complaint, in 2018, Hardy almost lost his leg from a serious foot injury. *Id*. at 2. He has since had chronic nerve and foot pain. *Id*. In 2020, while at the Green Bay Correctional Institution, Hardy saw a foot doctor. *Id*. Later, in 2024, the foot doctor prescribed a medication called Nortriptyline for pain management. *Id*. Hardy then transferred to the Fox Lake Correctional Institution in November 2024. *Id*.

On January 17, 2025, Hardy told Dr. Godiwalla about his medical history, including the chronic nerve and foot pain from his prior injury. *Id*. He stated that he had been taking Nortriptyline for about a year but it did not work and had "bad side effects," including chest pain, blurred vision, and suicidal thoughts. *Id*. Dr. Godiwalla directed Hardy to stop taking the medication and indicated that she would prescribe a different medication (Gabapentin) for pain relief. *Id*. at 2-3. However, Dr. Godiwalla never actually ordered any new medication and Hardy remained in pain for months. *Id*. at 3-5.

Beginning in March 2025, Hardy wrote to HSM Weisnicht and Dr. Godiwalla numerous times requesting new pain medication for his medical condition. *Id*. at 3 & 4. The requests were either ignored or Hardy was told that he needed to wait for *another* appointment before he could get pain medication. *Id*. Eventually, Dr. Godiwalla did prescribe Hardy pain medication, but it was the same medication (Nortriptyline) that she had discontinued earlier in the year based on Hardy's report that it did not work and had bad side effects. *Id*. Hardy then wrote to HSM Weisnicht and Dr. Godiwalla to clarify that Nortriptyline did not work for him and caused suicidal thoughts, blurred vision, chest pain, and blacking out. *Id*. at 4. In response, they told him to simply take the medication that was prescribed or get nothing. *Id*. at 4. Hardy filed an inmate complaint about the issue but ICE Rominsky dismissed the inmate complaint. *Id*. at 5. Hardy remains in pain and has become suicidal from taking the prescribed medication. *Id*. at 3-5. For relief, he seeks monetary damages and proper medical care. *Id*. at 5.

ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference towards an inmate's serious medical need. *Cesal v. Moats*, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). To state a claim, Hardy must allege that: (1) he had an objectively serious medical condition; and (2) the defendant was deliberately indifferent towards it. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). A medical condition need not be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). A defendant is deliberately indifferent when he or she "actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Examples of deliberate indifference include ignoring a request for medical assistance; refusing to take instructions from a specialist; persisting in a course of treatment known to be ineffective; choosing an easier and less efficacious treatment without exercising medical judgment; and delaying in treatment which serves no penological interest. *Id.* at 729-31.

Hardy alleges that he has chronic nerve and foot pain from a foot injury, which is an objectively serious medical condition. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (noting that "the existence of chronic and substantial pain" is an objectively serious medical condition.). He alleges that he has filed numerous requests for medication and proper medical care but Dr. Godiwalla and HSM Weisnicht keep directing him to take a medication that they know is

4

ineffective and causes suicidal tendencies. Hardy remains in pain and has become suicidal. Based on these allegations, the Court can reasonably infer that Dr. Godiwalla and HSM Weisnicht may have been deliberately indifferent towards a serious medical need. Accordingly, Hardy may proceed on an Eighth Amendment deliberate indifference claim against Dr. Godiwalla and HSM Weisnicht in connection with allegations that they failed to properly treat his chronic nerve and foot pain from a foot injury at the Fox Lake Correctional Institution beginning in 2024.

The Court will dismiss ICE Rominsky from the case. Hardy's only allegation against ICE Rominsky is that he dismissed Hardy's inmate complaint. But complaint examiners are not liable under §1983 for simply doing their jobs and ruling on inmate complaints. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Therefore, Hardy fails to state a claim against ICE Rominsky and he will be dismissed from the case.

## CONCLUSION

The Court finds that Hardy may proceed on an Eighth Amendment deliberate indifference claim against Dr. Godiwalla and HSM Weisnicht in connection with allegations that they failed to properly treat his chronic nerve and foot pain at the Fox Lake Correctional Institution beginning in November 2024.

**IT IS THEREFORE ORDERED** that Hardy's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that ICE Rominsky is **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Hardy's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Dr. Godiwalla and HSM Weisnicht.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Dr. Godiwalla and HSM Weisnicht shall file

5

a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Hardy shall collect from his institution trust account the **$348.43** balance of the filing fee by collecting monthly payments from Hardy's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Hardy is transferred to another institution, the transferring institution shall forward a copy of this Order along with Hardy's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Hardy is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Hardy is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Hardy may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on September 30, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge